NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| JAIME TERRAZAS-SANCHEZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-434-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DONALD STINE, Warden, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondents. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Jaime Terrazas-Sanchez, an individual currently confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky ("USP-McCreary"), has filed a *pro se* petition [Record No. 2], seeking a writ of habeas corpus under 28 U.S.C. §2241. He has named the warden and the Immigration and Naturalization Service[1] as Respondents. After his motion to proceed *in forma pauperis* was denied, Terrazas-Sanchez paid the district court filing fee for a habeas action. This matter is before the Court for screening.[2] 28 U.S.C. §2243; *Demjanjuk v.*

---

[1]  The Immigration and Naturalization Service has been abolished and its immigration enforcement function transferred to the United States Bureau of Immigration and Customs Enforcement ("ICE") in the Department of Homeland Security. The change does not affect the immigration detainer or the instant cause of action, however.

[2]  As this is a *pro se* petition, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), the district court can dismiss a case at any time if it determines the action is frivolous or malicious or fails to state a claim upon which relief can be granted.

*Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

For the reasons to be discussed below, the instant petition will be denied and the action dismissed without prejudice.

## CLAIMS AND ALLEGATIONS

The Petitioner states that, on November 3, 2000, in the United States District Court for the Middle District of Florida, Jacksonville Division, Case No. 98-CR-342-J-21A, he was convicted of illegal re-entry into the United States in violation of 8 U.S.C. §1326. He attaches as Exhibit A a copy of the criminal Judgment, which shows that he pled guilty on that date and was sentenced to 70 months' incarceration.

The Petitioner alleges that his sentence will expire on December 2, 2006. He attaches as Exhibit B an INS notice commanding him to appear before an Immigration Judge, at a time yet to be set, on the immigration authorities' allegations that he is a Mexican citizen alien who has not been legally admitted or paroled into this country. Terrazas-Sanchez contends that this notice means that he will actually continue to be held in detention at U.S.P.-McCreary after his December 2nd release date for the following reason:

> It has been the pattern and practice of the USP Warden, Respondent Stine, and the Department of Homeland Security, Immigration and Naturlization [sic], to hold prisoners who have been declared to have entered the United States illegally, beyond their release date of the sentence they have served, before being transported to the INS Facility for deportation.

*See* Record No. 2, Memorandum at 1.

Further, the Petitioner claims that this detention of aliens awaiting a hearing has lasted as long as 6 months. Therefore, he asks the Court to "pressure" the Respondents to hold the deportation hearing in a timely manner, so as to help him avoid an illegal and lengthy detention by immigration authorities. He points out the limitations of the prison environment, with no interpreters or paralegals; professes his desire for all aliens facing deportation proceedings to be released on bond pending the proceedings; suggests that no illegal aliens should be detained beyond their release dates; and also seeks the assistance of counsel two months prior to any alien's release date. He cites *Zadvydas v. Davis*, 533 U.S. 678 (2001), as holding that such an indefinite detention would raise serious constitutional problems if removal is not foreseeable.

Additionally, Terrazas-Sanchez claims that the Respondents' detention of him past his release date will: (1) violate his rights under the Fourth, Fifth, and Eighth Amendments to the U.S. Constitution; (2) be an application of 8 U.S.C. §1226(c) which federal courts have found illegal; and (3) onstitute false imprisonment.

## DISCUSSION

Habeas corpus jurisdiction exists under 28 U.S.C. §2241 when a petitioner asserts a claim that his *current* custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). Here, the instant Petitioner has admitted that he is serving a criminal sentence and that his claim herein is that his *future* custody will be illegally long. However, as long as his detention is in service of a valid criminal sentence, his petition is premature. He is only anticipating coming into the custody of the INS or its successor agency.

The law is well-settled that a prisoner must wait until he comes into the custody of the INS or ICE authorities to challenge its detention, as an immigration detainer or even pre-release notice from immigration does not confer custody to the INS. *See Kendall v. INS*, 261 F.Supp.2d 296, 300-01 (S.D. N.Y) (noting the Petitioner's status, characterizing his challenge to the INS detainer as being "obviously premature," and citing cases supporting its conclusion, including *Roldan v. Racette*, 984 F.2d 85, 88 (2nd Cir. 1993); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988); and *Prieto v. Gluch*, 913 F.2d 1159, 1162-64 (6th Cir. 1990)). *See also Hernandez v. Lindeman*, 2002 WL 31163074 (D. Minn. 2002) (unpublished) (relying on *Campillo*, 853 F.2d at 595).

In summary, a prisoner against whom an immigration detainer is lodged "may not challenge the detainer by way of habeas corpus until he is placed in the custody of the INS, an event which will not occur until [he] is released from his present term of confinement." *Campillo*, 853 F.2d at 595. Thus, because the Petitioner in this case admits that he is still serving his criminal sentence, any interference by this Court is barred.

The Court further notes that, even after the Petitioner's sentence expires and he becomes detained under the authority of the INS, he may be detained by immigration authorities for not-insignificant periods of time. If deportation proceedings are planned, the governing statute requires that the alien "shall" be kept in custody until the proceedings are completed. 8 U.S.C. §1226. As to the length of this pre-hearing detention, it may be for 6 months or longer, so long as the detention is justified and reasonable. See *Ly v. Hansen*, 351 F.3d 263, 273 (6th Cir. 2003) (detention by the INS for 1½ years without a decision on removal and without any special

justification for the delay, was unreasonable and his actual removal not reasonably foreseeable; therefore, the grant of habeas relief was affirmed.).  The reasonableness of the length of detention must be determined on a case-by-case basis under habeas review. *Id*. *See also Yang v. Chertoff*, 2005 WL 2177097 (E.D.Mich. 2005) (not reported) (discussing *Ly* and denying §2241 petition of Yang, who had been in ICE custody for only three months).

Additionally, an immigration detainee may be held as long as 6 months *after* the hearing if an order of removal issues from the immigration judge.  For this post-removal-order period of time, the governing statute is 8 U.S.C. §1231.  On its face, the statute provides that immigration authorities "shall remove" the alien within 90 days after the alien has been ordered removed.

It is the length of this detention, *i.e.*, the detention of a *post-removal-order alien*, that *Zadvydas* addresses.  The case does not stand for the proposition that the instant Petitioner is entitled to any relief now, even if he has already been ordered removed.  Rather, in *Zadvydas*, the Supreme Court interpreted §1231(a)(6) to authorize the detention of a post-removal-order alien beyond the statutory 90 days, the Court holding that the detention may last only for as long as is "reasonably necessary" to effectuate the alien's removal and that six months is the presumptive period of time that is reasonably necessary to effectuate removal. 533 U.S. at 689, 699.  *See also Clark v. Martinez*, 543 U.S. 371, 373 (2005).

Accordingly, Terrazas-Sanchez has failed to state any facts or legal grounds establishing or even suggesting that his current detention is illegal.  In short, the present petition is premature. *See Cuevas-Rodriguez v. Chertoff*, 2006 WL 1421032 (E.D. Mich. 2006) (slip op.); *Aramayo-

*Escobar v. Bureau of Immigration and Customs Enforcement*, 2005 WL 2860648 (M.D. Pa. 2005) (slip op.).

## CONCLUSION

Based on the foregoing discussion, it is hereby **ORDERED** as follows:

(1) Petitioner Jaime Terrazas-Sanchez's petition for writ of habeas corpus is **DENIED**.

(2) This action shall be **DISMISSED**, *sua sponte* and without prejudice, from the Court's docket.

This 20th day of October, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge